■ WORLD AUTO PARTS, INC., Appellant-Respondent, v FREDERICK J. LABENSKI, Respondent-Appellant. [689 NYS2d 582] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff and defendant entered into an agreement with respect to defendant's rights upon retirement from the company. The agreement contained several provisions whereby defendant agreed not to compete with plaintiff's business in exchange for which plaintiff agreed to pay defendant almost $120,000 over a

two-year period. This Court previously affirmed an order and judgment granting plaintiff partial summary judgment on liability based on defendant's breach of the non-compete provisions of the agreement (*World Auto Parts v Labenski*, 217 AD2d 940, *lv dismissed* 87 NY2d 861).

After paying defendant $96,706.23, plaintiff suspended further payments pursuant to the non-compete provisions of the agreement. Supreme Court properly determined that plaintiff is not entitled to recover the sum paid to defendant, on a theory of restitution or liquidated damages. The court erred, however, in limiting plaintiff's proof to "actual damages", i.e., plaintiff's losses. Generally, the measure of damages for breach of a non-competition agreement "is the loss sustained by reason of the breach, including the net profits of which the plaintiff was deprived by the defendant's acts" (*Borne Chem. Co. v Dictrow*, 85 AD2d 646, 650). Here, however, paragraph 5 (e) (b) (iii) of the agreement requires defendant, the breaching party, "to account for and pay over to [plaintiff] all compensation, profits, monies, accruals or other benefits received by [defendant] as the result of any transactions constituting a breach hereof." Thus, plaintiff is entitled to recover both its losses and defendant's gains resulting from the breach. We therefore modify the order by vacating the fifth ordering paragraph, which limited proof to actual damages.

We reject defendant's contention that the court erred in dismissing the counterclaim to recoup $22,083.35, the amount of the suspended payments. The agreement expressly provides that defendant may recoup those payments if it is determined that he did not breach the non-compete provisions of the agreement. Defendant breached those provisions (*World Auto Parts v Labenski, supra*), and plaintiff properly complied with the notice requirements of the agreement prior to suspending the payments. (Appeals from Order of Supreme Court, Erie County, Whelan, J.—Summary Judgment.) Present—Green, J. P., Hayes, Pigott, Jr., Scudder and Callahan, JJ.